**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S.**
**SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

**Tai C. Bogan (SBN 241784)**
**THE BOGAN LAW FIRM, PC**
615 13th Street, Suite A
Modesto, CA 95354
T: (209) 566-9591
F: (209) 566-9668
e-mail: tai.bogan@theboganlawfirm.com

*Attorneys for Plaintiff,*
JACOB SERVIN

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SERVIN,<br><br>    Plaintiff,<br><br>  vs.<br><br>SAN JOAQUIN COUNTY, a public entity; San Joaquin County Sheriff-Coroner PATRICK WITHROW, in his individual and official capacities; San Joaquin County Sheriff's Office Custody Division Sergeant JOHN DOE 8; San Joaquin County Sheriff's Office Custody Line Officers JOHN DOES 1-5; San Joaquin County Sheriff's Office Custody Line Officers JANE DOES 6 and 9; San Joaquin County Sheriff's Office Custody Line Officers JOHN DOES 7, 10, and 11; and, DOES 12-75, individually, jointly and severally,<br><br>    Defendants. | **Case No.**<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**<br><br>1. 42 U.S.C. § 1983 – Civil Rights Violations<br>2. 42 U.S.C. § 1983 – *Monell* Liability<br>3. 42 U.S.C. § 1983 – Supervisory Liability<br>4. California Civil Code § 52.1 (b) – State Civil Rights Violations<br>5. Cal. Const., Art. I., § 13 Violations<br>6. Assault and Battery<br>7. False Imprisonment<br>8. Negligence |

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.    1

Plaintiff, JACOB SERVIN, by and through his attorneys, the LAW OFFICE OF SANJAY S. SCHMIDT and the BOGAN LAW FIRM, PC, for his Complaint against Defendants, states as follows:

### INTRODUCTION

On December 2, 2019, Mr. Servin was subjected to a callous and vicious beating at the hands of SAN JOAQUIN COUNTY Sheriff's Office personnel, while he was in their charge at the county jail, having been booked for a very minor, alleged offense (public intoxication). Mr. Servin was escorted from the booking area, off-camera, to a cell at the end of a hallway at the SAN JOAQUIN COUNTY jail, where he was beaten. Below are side-by-side images of Mr. Servin at the time he was booked, before he was beaten (on the left), and after he was beaten (on the right):

| Pictures Taken at Time of Booking | Pictures Taken After the Beating |
|---|---|
|  |  |
|  |  |

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                     2

| Pictures Taken at Time of Booking | Pictures Taken After the Beating |
|---|---|
|  |  |

This is a civil rights case that arises out of the brutal attack to which Mr. Servin was subjected by the to-be-identified Defendants, who inflicted great bodily injuries. The beating was administered by the to-be-identified Defendants, in part, in retaliation for Mr. Servin's exercise of his free speech rights, namely, politely speaking up to defend a female pretrial detainee that was being verbally abused by a member of the jail staff. Additionally, prior to and during the beating, the to-be-identified Defendants used racist slurs and racial epithets towards Mr. Servin, indicating a mistaken belief on their part that he was of Middle Eastern descent, but indicating that their violent attack was motivated at least in part by their belief about Mr. Servin's race and/or national origin. Mr. Servin is a person of color, and people of color uniquely know how "far the daily reality of America stray[s] from the myth,"[1] including the ideals embodied in the U.S. Constitution and the Fourteenth Amendment. This felonious attack, however, was a life altering experience.

As is explained further below, instead of arresting the assailants for felony assault under color of law, Defendant San Joaquin County Sheriff-Coroner PATRICK WITHROW unflinchingly adopted the version of events offered by the assailants less than two days after the

[1] The phrase in quotations comes from the speech by Barack Obama, former Pres. of the United States of America, at the 2020 Democratic National Convention (Aug. 19, 2020).

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    3

incident, on December 4, 2019, in a public statement and a television interview, and has unwaveringly endorsed this narrative since then, including in public statements made to the media on December 2, 2020. Defendant WITHROW, from the beginning, has publicly stated that his subordinates did not act unlawfully and were only "defending" themselves. As such, Defendant WITHROW has completely ratified the conduct of his subordinates, thereby giving rise to ratification liability against WITHROW. Defendant WITHROW's uncritical acceptance of the narrative offered by his staff in this instance, and on information and belief, in others, no doubt has emboldened his staff to cavalierly use excessive force and inflict serious injuries on pretrial detainees under their care, knowing they will not be questioned or disciplined by their superiors, all the way up to Sheriff WITHROW, as long as they beat an arrestee in an area that is out of view of the jail's surveillance system and later claim they were assaulted.

Sheriff WITHROW immediately accepted his subordinates' account, and has not wavered. Defendant WITHROW contends that an "investigation" into the incident was conducted by the San Joaquin County Sheriff's Office, which was completed on May 1, 2020, but it was obvious that Defendant WITHROW immediately – within less than two days of the incident as of his news interview on December 4, 2019 – arrived at the conclusion that what had happened was acceptable, and any investigation by the Sheriff's Office thereafter worked its way backwards to justify that conclusion.

Indeed, Defendant WITHROW's full endorsement of the felonious conduct of his staff is further evidenced by recent statements he has made to the media, on December 2, 2020, in which he reiterated and confirmed his ratification of his employees' conduct and deceptively told half-truths, despite knowing the full truth, but choosing to try to deceive the media, all in a biased and defensive effort to try to temper public outcry against his department and paint Mr. Servin in a negative light. Since Defendant WITHROW faced some tough questions about what happened, he apparently sought to deflect attention away by telling half-truths and deceptions.

The misrepresentations include, but are not limited to, the following: First, Defendant WITHROW **falsely** stated to the media that Mr. Servin "refuses" to give an interview to investigators, knowing **full** and **well** that it is Mr. Servin's attorney, the undersigned, that has

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    4

declined to produce Mr. Servin for an interview – **not** Mr. Servin. **Prior to** Defendant WITHROW's recent false statement to this effect, made on December 2, 2020, the fact that it was Mr. Servin's attorney, not Mr. Servin, that declined to partake in an interrogation was made **abundantly** clear to Sergeant Lindemann, who works in the San Joaquin County Sheriff's Office's Internal Affairs division, and who reports to Defendant WITHROW; indeed, the undersigned counsel spoke to Sgt. Lindemann, on **December 6**, **2019**, and explained that the undersigned was also investigating this troubling incident, and that Mr. Servin would be made available for an interview by the IA investigators, as long as the involved custodial officers would also be produced for interviews by the undersigned. The undersigned offered to come to Stockton from San Francisco on any day that was convenient for all parties. Sgt. Lindemann flatly refused this proposal, and declined to inquire about it or make any efforts to arrange it. Additionally, well before Defendant WITHROW's December 2, 2020 false statement, this fact (that it was counsel, not Mr. Servin, that declined to permit an interrogation) was also made unequivocally clear in an October 29, 2020 email to San Joaquin Chief Deputy County Counsel, Kristen M. Hegge, and it had been made clear on numerous occasions to numerous individuals at the San Joaquin County District Attorney's Office. And, Defendant WITHROW knew this because it was obvious that Defendant WITHROW had spoken to the DA's Office (and Ms. Hegge), so he clearly had been informed of this; in making other remarks, Defendant WITHROW again misleadingly claimed that certain statements and conditions communicated by Mr. Servin's attorney were being made directly by Mr. Servin, who, as Defendant WITHROW knows, has had no direct contact whatsoever with his agency or any other San Joaquin County agency; all contact has been through the undersigned counsel. Defendant WITHROW noticeably failed to mention any of this in his recent press conference, since it did not fit into his stilted narrative.

Second, Defendant WITHROW also misleadingly stated that the jail staff involved in the incident had voluntarily agreed to be interviewed (all while he was the only person from the Sheriff's Office speaking about any of the events), conveniently failing to tell the media that, on information and belief, his staff were **compelled** to submit to interviews in the internal affairs investigation; if they declined, they could be terminated. These are only a few examples among

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    5

many of how Defendant WITHROW has used claims of confidentiality as both a sword and a shield to misleadingly create the façade of transparency though half-truths, deceptions, and the assertion of his employees' claims as though they are fact, all the while refusing to identify the San Joaquin Sheriff's Office employees that were involved, and refusing to produce any evidence, documents, records, or his employees for interviews.

## JURISDICTION

1.     This is a civil-rights enforcement action arising from the use of excessive force to which Plaintiff SERVIN was subjected by Defendants, as well as other violations of his state and federal rights, on or about December 2, 2019, which occurred in French Camp, California.

2.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) because this case is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.

3.      Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

## VENUE AND INTRADISTRICT ASSIGNMENT

4.     This Court is the proper venue, pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to the claims occurred in the County of San Joaquin. A substantial part of the events and/or omissions complained of herein occurred in the city of French Camp, San Joaquin County, California, and, pursuant to Eastern District of California Civil Local Rule 120(d), this action is properly assigned to the Sacramento Division of the United States District Court for the Eastern District of California.

## PARTIES AND PROCEDURE

5.     Plaintiff JACOB SERVIN is a citizen of the United States, a competent adult, and a resident of the State of California. Plaintiff brings these claims pursuant to both state and federal law individually. Plaintiff also brings these claims as a Private Attorney General, to vindicate not only

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                          6

his rights, but others' civil rights of great importance.

6.    Defendant SAN JOAQUIN COUNTY ("COUNTY") is a public entity, duly organized and existing under the laws of the State of California. Under its authority, the COUNTY operates the San Joaquin County Sheriff's Office ("SJCSO") and the San Joaquin County jail. Defendant COUNTY is the employer of San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, DOES 12-50, San Joaquin County Sheriff-Coroner PATRICK WITHROW, named above, as well as other, to-be-identified DOE Defendants.

7.    DOES 51-75 are employees of any other, to-be-identified entity, public or private, who, at all materials times, were acting within the course of their employment and under color of law.

8.    Defendant San Joaquin County Sheriff-Coroner PATRICK WITHROW ("WITHROW"), at all times mentioned herein, was employed by Defendant COUNTY as Sheriff-Coroner for the COUNTY, and he was acting within the course and scope of that employment. In that capacity, Defendant WITHROW was a policy making official for the COUNTY OF SAN JOAQUIN. Defendant WITHROW is the highest-ranking officer in the SJCSO, and is the highest-ranking officer in the SJCSO Custody Division; on information and belief, the order of rank in the Custody Division is: Sheriff-Coroner, Undersheriff, Assistant Sheriff of Custody, Captain of Custody, Lieutenant, Sergeant, and Custody Line Officer. Defendant WITHROW, the Sheriff-Coroner, is the Facility Administrator, pursuant to and as defined by Title 15 of the California Code of Regulations. The Sheriff-Coroner is the Administrator of the Sheriff's Office charged by law with the administration of the custodial facilities of San Joaquin County. Further, Defendant WITHROW was ultimately responsible for the safety of pretrial detainees and inmates at the COUNTY jail, was responsible for ensuring that pretrial detainees and inmates under his care were not subjected to excessive force at the hands of his employees, was responsible for the supervision of his employees, training of his employees and discipline of his employees, was responsible for the enforcement of policies and procedures protecting the rights of all pretrial detainees and inmates, and was responsible for  all COUNTY policies, procedures, and training related to the

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                              7

above. Defendant WITHROW is being sued in his individual capacity.

9.      Defendants, to-be-identified San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, and DOES 12-50, at all material times, were employed by the Custody Division of the SJCSO specifically, or the SJCSO generally, by virtue of which they were employed by Defendant COUNTY, and at all material times they were acting within the course and scope of that employment, and were acting under color of law.

10.     At all times mentioned herein, Defendants, Sheriff-Coroner PATRICK WITHROW, to-be-identified San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, and DOES 12-50, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with the COUNTY, and acted under color of state law. The Defendants named above and DOES 12 through 75 are sued in their individual capacities.

11.     The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 1 through 75 are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

12.     Despite the façade of transparency that Defendant WITHROW has attempted to fabricate, the COUNTY has been completely opaque, and has refused to produce any records whatsoever, including even records reflecting the identities of the COUNTY employees that were involved in the incident that precipitated this suit. Despite lawfully serving formal requests for these records, the COUNTY has refused to provide any records whatsoever. Consequently, the assailants are presently named as DOE Defendants.

13.     The California Constitution, Article 1, Section 3, provides that, "[t]he people have the right

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    8

of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny." Recognizing the "fundamental and necessary right" of access to information concerning the conduct of the people's business, the Legislature enacted the California Public Records Act ("CPRA"), which ensures the public's access to this information. *See* Cal. Gov't Code § 6250.

14.     On December 6, 2019, Plaintiff, through his attorney, submitted a request for records under the CPRA, seeking all documentation and evidence regarding the incident that occurred on December 2, 2019, in which Plaintiff was assaulted while in the custody of the San Joaquin Sheriff's Office, which resulted in visible and serious injuries. The COUNTY failed entirely to respond to the CPRA request of December 6, 2019.[2]

15.     On June 1, 2020, Plaintiff, through his undersigned attorney, made a second CPRA request for all documentation and information regarding the December 2, 2019 incident. On June 10, 2020, the COUNTY responded, and stated it would respond to the CPRA request by June 25, 2020. On June 24, 2020, the COUNTY rejected the CPRA request in its entirety, and refused to produce any documents. On October 13, 2020, Petitioner, through his attorney, sent another letter to the COUNTY, clarifying some aspects of the request. On October 20, 2020, the COUNTY responded, and again refused to provide any documents.

16.     Plaintiff SERVIN is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.

17.     Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOE Defendants.

18.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the

---

[2] As a result of the COUNTY's refusal to comply with the CPRA and refusal to provide any records whatsoever, Plaintiff will be filing a CPRA Petition in the San Joaquin County Superior Court.

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    9

course and scope of that relationship.

19.     Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise, specifically alleged.

20.     At all material times, each Defendant was jointly engaged in tortious activity, and was an integral participant in the events and violations of rights described herein, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

21.     The acts and omissions of all SJCSO Defendants, including San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, DOES 12-50, San Joaquin County Sheriff-Coroner PATRICK WITHROW, named above, as well as all to-be-identified DOE Defendants, as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of SAN JOAQUIN COUNTY and/or the SJCSO.

22.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

23.     Plaintiff SERVIN timely and properly filed a government code claim, pursuant to California Government Code § 910 *et seq.*, and this action is timely filed within all applicable statutes of limitation.

24.     This Complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## **GENERAL ALLEGATIONS**

25.     Plaintiff re-alleges each and every paragraph in this Complaint, as though fully set forth here.

26.     Video footage from the SAN JOAQUIN COUNTY jail's booking area at the time of Plaintiff's booking (on suspicion of public intoxication) shows Mr. Servin going through what appears to be the normal booking process, and he has no physical injuries whatsoever.

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                          10

27.     During this process, Mr. Servin is not combative, has a normal, steady gait, and does not engage in any violent behavior whatsoever.

28.     During this process, Plaintiff observed a member of the jail staff being verbally abusive by telling a female detainee who had walked a short distance something to the effect of, "sit the f*** down,"; in response to this, Plaintiff made calm and polite statement to the officer next to him, requesting that this to-be-identified DOE Defendant please tell the member of the jail staff – who was acting unprofessionally, rude, and needlessly aggressive and disrespectful towards the young woman – something to the effect of, "relax, and stop acting like a jerk." After Mr. Servin, who remained handcuffed throughout the booking process, spoke up for the other pretrial detainee, he was escorted to a cell that was out of view from the surveillance cameras.

29.     Mr. Servin was walked to the cell without any injuries, and had a normal gait; he was taken into this cell with no physical injuries whatsoever.

30.     In that cell, he was viciously beaten or permitted to be beaten (through inaction and failure to intervene) at various points by various Defendants, including San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, and DOES 12-50.

31.     Plaintiff was taken inside of the cell without his shoes, handcuffed behind his back, and he was pushed down onto a chair inside the room. Then, the beating commenced. He was punched with both fists by a DOE Defendant, following which he was further brutalized by other Defendants, who took turns beating Plaintiff in a number of different ways. Eventually, Mr. Servin, defenseless, ended up on the ground, where he was subjected to needless, excessive, unlawful, and constitutionally violative force, and was falsely imprisoned inside of the cell in which he was violently attacked, having been falsely imprisoned therein for the purpose of being beaten, by – or with the acquiescence of – Defendants San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, and San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11. During the incident, Mr. Servin was held down, beaten, choked,

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    11

kicked, struck with fists and weapons, and his neck was violently torqued so severely that Plaintiff felt as though Defendants were trying to kill him.

32.      While Plaintiff was handcuffed and defenseless in the off-camera cell and on the floor in this cell, the to-be-identified Defendant assailants beat him, using unreasonable and excessive force upon Mr. Servin, intentionally and repeatedly striking him in the face, neck, head, and elsewhere, torqueing his neck (on which he previously had a serious surgical procedure), restricting his movements, and causing him to suffer great bodily injuries.

33.      During the time that Plaintiff was in the off-camera cell that he had been taken to, various DOE Defendants can be seen on the video entering and leaving the cell intermittently.

34.      As is shown in the post-beating photographs above in the introduction section, Mr. Servin eventually emerged from the cell with his shoes and socks off, and blood covering his face and white pants.

35.      On information and belief, the beating was administered by the to-be-identified Defendants, in part, in retaliation for Mr. Servin's exercise of his free speech rights, expressing criticism of the COUNTY jail staff that were acting unprofessionally and being verbally abusive to a female detainee.

36.      The COUNTY employees that were directly involved with the attack, as well as those who were in a position to stop the attack, but failed to intervene, who are thus liable as integral participants, directly inflicted, or through their inaction and/or indifference allowed others to inflict, serious injuries on Plaintiff.

37.      The involved COUNTY employees unlawfully seized and used excessive force against Plaintiff, causing great pain and suffering to Plaintiff. In addition, other employees as well as supervisors employed by the COUNTY Sheriff's Office, whose identities are presently unknown to Claimant, were integral participants, failed to properly supervise, failed to intervene, or may have conspired and/or acted in concert with others and/or attempted to cover up illegal and unconstitutional conduct.

38.      On information and belief, Defendants San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    12

Custody Line Officers JANE DOES 6 and 9, and San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11 conspired to and did wrongfully seize Plaintiff and falsely imprison him in an isolated cell for the purpose of beating him; assaulted, battered, and threatened Plaintiff; and used excessive and unjustified significant, potentially deadly, force against Plaintiff. Defendants' conduct in this incident also amounts to negligence, unjustifiable deadly force by targeting Mr. Servin's head repeatedly, and wanton and willful conduct that shocks the conscience.

39.     Plaintiff was subjected to excessive force with the acquiescence of the other Defendants San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, and San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, all of whom were in a position to and had time to stop the other Defendants that were using force and falsely imprisoning Plaintiff in the off-camera cell, and could have intervened, but failed to do so. As such, all of these Defendants were integral participants in the excessive force and false imprisonment that occurred.

40.     With respect to any violations committed by one officer, where another was close enough and had sufficient time to stop the violations, but failed to do so, they failed to intervene and are liable for both their own violations and as integral participants of one another's violations.

41.     Defendants San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, and San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, by their conduct described herein, caused Plaintiff to be subjected to the use of excessive force. These Defendants violated Plaintiff's rights by their own conduct, and/or by setting in motion a series of acts by others which each Defendant knew or reasonably should have known would cause others to inflict the constitutional injury.

42.     In an effort to try to justify their callous beating of Mr. Servin, the assailants manufactured allegations that Mr. Servin had attacked them. Consequently, when he was released from custody on his own recognizance, San Joaquin County Sheriff's Office personnel issued him a "Release from Custody on Written Promise to Appear" with an arraignment date of 12/7/19, purporting to cite him with five misdemeanor counts of violating Penal Code section 243(c)(1) (battery on a

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    13

custodial officer) with the hope that the District Attorney's Office would file a complaint against Mr. Servin for these charges.

43.    This is a classic case of, "hurt a person – charge a person," a law enforcement practice pervasive in police departments and sheriff's offices all over the state, which is clearly condoned by Defendant WITHROW, pursuant to which if San Joaquin County Sheriff's Office Custody Officers wrongly hurt (including beating) a detainee, the officers will then claim the detainee assaulted them, and seek to secure the filing and prosecution of criminal charges against the person based on fabricated charges of "battery on an officer," or other such charges. The officers seek the filing and prosecution of such charges (and/or other charges) with the belief that an arrest or conviction for these charges will both corroborate their fabricated allegations of being assaulted, and also will prevent the person from suing for their injuries wrongfully inflicted by the officers. Tolerating or condoning "hurt a person – arrest a person" – and/or – "hurt a person – charge a person" encourages officers to use excessive force and/or to falsely arrest or seek the filing of charges against victims of misconduct.

44.    The above-referenced requested charges were forwarded to the San Joaquin County District Attorney's Office by the Defendants, who, on information and belief, lobbied for charges to be filed against Mr. Servin, but, at the time of the scheduled arraignment, the District Attorney's Office had not filed a criminal complaint. The District Attorney's Office initially told Plaintiff's undersigned counsel that Mr. Servin would not be charged. There was no caveat. Then, in a statement to the media, on December 16, 2019, the San Joaquin County District Attorney announced that it would not be pressing charges against Plaintiff "at that time." As of the filing of this complaint, no criminal charges against Plaintiff have ensued, and the statute of limitations for the filing of a misdemeanor complaint has run.

45.    After the beating of Plaintiff, an Internal Affairs ("IA") investigation, supposedly, was initiated by the SJCSO.

46.    On December 6, 2019, the undersigned counsel for Plaintiff spoke to SJCSO Sergeant Lindemann, who works in the SJCSO IA division. Sgt. Lindemann requested an interview with Mr. Servin. The undersigned counsel explained that the undersigned's office was also investigating

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    14

this troubling incident, and needed the identities of the involved custody staff, and also needed to conduct interviews. The undersigned explained that, Mr. Servin was still trying to recover from his grievous injuries, the nature and extent of which were not then (and still have not been fully) ascertained, but which included head injuries, but that an interview could be arranged of all involved parties – perhaps over the course of a few days. The undersigned explained that Mr. Servin would be made available for an interview, as long as the involved custodial officers would also be produced for interviews. The undersigned offered to come to Stockton on any day that was convenient for all parties. Without even seeing if it could be arranged, Sgt. Lindemann flatly refused this proposal, and declined to inquire further about it or otherwise try to facilitate it.

47.     Defendant WITHROW has ratified the Defendants' constitutionally violative conduct. Instead of arresting the assailants for felony assault under color of law, Defendant San Joaquin County Sheriff-Coroner PATRICK WITHROW unflinchingly adopted the version of events offered by the assailants less than two days after the incident, on December 4, 2019, in a public statement and a television interview, and has unwaveringly endorsed this narrative since then, including in public statements made to the media on December 2, 2020. Defendant WITHROW, from the beginning, has publicly stated that his subordinates did not act unlawfully. As such, Defendant WITHROW has completely ratified the conduct of his subordinates, thereby giving rise to ratification liability against WITHROW. Defendant WITHROW's uncritical acceptance of the narrative offered by his staff in this instance and, on information and belief in other such instances, no doubt has emboldened his staff to cavalierly use excessive force and inflict serious injuries on pretrial detainees under their care, knowing they will not be questioned or disciplined by their superiors, all the way up to Sheriff WITHROW, as long as they beat an arrestee in an area that is out of view of the jail's surveillance system and then later claim they were assaulted.

48.     Defendant WITHROW contends that an "investigation" into the incident was conducted by the San Joaquin County Sheriff's Office, which was completed on May 1, 2020, but it was obvious that Defendant WITHROW immediately – within less than two days of the incident as of his news interview on December 4, 2019 – arrived at the conclusion that what had happened was acceptable, and any investigation by the Sheriff's Office thereafter worked its way backwards to

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                                    15

justify that conclusion. In short, Sheriff WITHROW immediately accepted his employees' account, and has not wavered from it. Defendant WITHROW's full endorsement of the felonious conduct of his staff is further evidenced by recent statements he has made to the media, on December 2, 2020, in which he reiterated and confirmed his ratification of his employees' conduct and deceptively told half-truths, despite knowing the full truth, but choosing to try to deceive the media, all in a biased and defensive effort to try to temper public outcry against his department and paint Mr. Servin in a negative light. Since Defendant WITHROW faced some tough questions about what happened, he apparently sought to deflect attention away by telling half-truths and deceptions, as explained *supra*, in the introduction section.

49.     Defendant WITHROW was the supervisor of the to-be-identified DOE Defendants that beat Plaintiff, and his above-referenced statements to the media, on December 4, 2019, December 2, 2020, and on other dates (both verbally and in press releases), are tantamount to and evidence of his ratification of the Defendants' beating of Plaintiff; a supervisor's subsequent "ratification" of another's conduct can form the basis for supervisory liability. *Larez v. Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991) (holding statements to media by a police Chief relevant to the operation, custom, or policy of the Chief's department, or relevant to the Chief's ratification or condonation of the injurious acts, and thus relevant evidence on the issue of Chief's supervisorial liability, as well as the liability of the City).

50.     On information and belief, the modus operandi of the attack on Plaintiff is part of a pattern and practice engaged in by SAN JOAQUIN COUNTY Sheriff's Office Custody Division staff of beating pretrial detainees and inmates that challenge their authority or for any other reason; the modus operandi is to escort the detainee to a cell that is out of view of any surveillance camera, and beat them savagely. Other individuals have reported strikingly similar incidents. On information and belief, this pattern and practice is permitted to continue by Defendant WITHROW and other supervisors by virtue of their failure to properly supervise, failure to properly discipline, and their ratification of the conduct of their subordinates.

51.     Indeed, one of the to-be-identified DOE Defendants is also known inside and outside of the SAN JOAQUIN COUNTY jail to commit assaults against detainees; other pretrial detainees

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    16

and inmates have reported similar incidents with this Defendant, in which they have been escorted to the same cell or a similar cell and savagely beaten, consistent with the same modus operandi.

52.    At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

53.    As a result of the incident described above, in which Plaintiff was subjected to excessive force, Plaintiff sustained fear, anxiety, emotional distress, and economic and noneconomic damages, for which Plaintiff has received medical treatment, and incurred medical bills. The physical injuries Plaintiff sustained include, but are not limited to: head injuries with a possible traumatic brain injury, a concussion with loss of consciousness, ongoing vertigo, a hematoma to the left side of Plaintiff's head from acute trauma, acute swelling, puffing, and bruising to both eyes from blunt force trauma, injuries to both left and right eyes, including, but not limited to, severe subconjuctival hemes, bilateral conjunctival hemorrhage in his eyes (broken blood vessels from eye contusions and trauma), including subconjunctival hemorrhage to the left cornea and subconjunctival hemorrhage to the right eye, contusion of eyeballs and orbital tissues, vision impairment, floaters in eyes, flashes of light, and blurred vision for many days following the assault; as well as facial fracture – bilateral periorbital edema and facial ecchymosis and facial swelling/trauma, many bilateral nasal bone fractures, and bilateral diffuse facial soft tissue swelling; nondisplaced rib fractures, abrasions, lacerations, and chest wall contusions; facial contusions, scalp contusions, pain to clavicle, numbness in hands, jaw pain, back pain, neck pain, bruising to right frontal scalp, ears, and eyes; injury to and potential displacement of screws securing prior odontoid (vertebral) fracture that required open reduction internal fixation (neck surgery); radiating left arm pain, nausea, headaches, memory loss, confusion, pain in hands and wrists, inter alia.

54.    As a direct and proximate result of each Defendant's acts and/or omissions, as set forth above, Plaintiff sustained the following injuries and damages, past and future, including, but not limited to:

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    17

a.      Hospital and medical expenses for past and future treatment;

b.      Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;

c.      Violations of – and deprivations of – state and federal constitutional rights;

d.      All other legally cognizable special and general damages; and,

e.      All damages, costs, and attorneys' fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – 1st, 4th, and 14th AMENDMENT VIOLATIONS)
### PLAINTIFF AGAINST DEFENDANTS JOHN DOE 8, JOHN DOES 1-5, JANE DOES 6 and 9, JOHN DOES 7, 10, and 11, and DOES 12-50

55.     Plaintiff re-alleges each and every paragraph in this Complaint, as though fully set forth here.

56.     By the actions and omissions described above, Defendants, to-be-identified San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, and DOES 12-50 violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the First, Fourth, and Fourteenth Amendments to the U.S. Constitution:

a.   The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;

b.   The right to express criticism of the government and/or government officials and/or public employees and/or to question a public official or public employee's job performance and/or to question a public employee as to the proper performance of their duties, as secured by the First and Fourteenth Amendments;

c.   The right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment;

d.   The right to be free from excessive and unreasonable force in the course of arrest or

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    18

detention, as secured by the Fourth Amendment; and,

    e.  The right to be free from excessive force as a pretrial detainee, as secured by the Fourteenth Amendment.

57.    Plaintiff sustained injuries and damages as set forth at ¶ 54, above, as a direct and proximate result of Defendants' actions and/or omissions.

58.    Defendants subjected Plaintiff to their wrongful conduct, and deprived Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

59.    The conduct of the individual Defendants and DOES 12-50 entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law.

60.    Plaintiff is also entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and applicable California codes and law.

### SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – *Monell* Liability)
### PLAINTIFF AGAINST DEFENDANTS SAN JOAQUIN COUNTY AND DOES 31-34

61.    Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

62.    On information and belief, the unconstitutional actions and/or omissions of the individual Defendants, to-be-identified San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, and DOES 12-50, as well as any other officers employed by or acting on behalf of Defendant COUNTY, were pursuant to the following customs, policies, practices, and/or procedures of Defendant COUNTY's Sheriff's Office, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officers for Defendant COUNTY and its Sheriff's Office:

    a.  To use or tolerate the use of excessive and/or unjustified force on detainees;

    b.  To engage in or tolerate unreasonable seizures;

    c.  To tolerate or perpetuate the policy of "hurt a person – charge a person," pursuant to which if San Joaquin County Sheriff's Office Custody Officers wrongly hurt (including beating) a detainee, the officers will then claim the detainee assaulted them, and seek to secure the filing and prosecution of criminal charges against the person based on fabricated charges of "battery on an officer," or other such charges. The officers seek

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.          19

the filing and prosecution of such charges (and/or other charges) with the belief that an arrest or conviction for these charges will both corroborate their fabricated allegations of being assaulted, and also will prevent the person from suing for their injuries wrongfully inflicted by the officers. Tolerating or condoning "hurt a person – arrest a person" – and/or – "hurt a person – charge a person" encourages officers to use excessive force and/or to falsely arrest or seek the filing of charges against victims of misconduct;

d. "Hurt a person – Charge a person," pursuant to which if a SJCSO officer wrongly hurts, detains, searches, or arrests a person, the officer will falsely arrest the person and/or seek to secure the filing and prosecution of a criminal charge against the person, such as a charge for a violation of California Penal Code § 148 (a)(1); the officer arrests the person for a claimed violation of California Penal Code § 148 (a)(1) and/or seeks the filing and prosecution of such charges (and/or other charges) with the belief that an arrest or conviction will prevent the person from suing for their injuries wrongfully inflicted by the officer. Tolerating or condoning "hurt a person – arrest a person" – and/or – "hurt a person – charge a person" encourages officers to use excessive force and/or to falsely arrest or seek charges against persons;

e. A pattern and practice engaged in by SAN JOAQUIN COUNTY Sheriff's Office Custody Division staff of beating pretrial detainees and inmates that challenge their authority or for any other reason; the modus operandi is to escort the detainee to a cell that is out of view of any surveillance camera, and beat them savagely. This pattern and practice is permitted to continue by virtue of the failure of supervisors and policymakers to properly supervise, failure to properly discipline, and their ratification of the conduct of their subordinates.

f. To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning the use of force;

g. To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning intentionally targeting the head area with a high degree of force;

h. To cover-up violations of constitutional rights by any or all of the following:

   i. by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures, excessive force, and/or racial profiling and/or racially motivated attacks and/or attacks on detainees perpetrated in retaliation for the detainees' exercise of free speech rights;

   ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful SJCSO activity; and

   iii. by allowing, tolerating, and/or encouraging SJCSO officers to: fail to file complete and accurate police reports; file false police reports; make false

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    20

statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and obstruct and/or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

i.   To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and,

j.   To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct.

63.   Defendants COUNTY and DOES 31–34 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants, to-be-identified San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, and DOES 12-50, as well as any other officers employed by or acting on behalf of Defendant COUNTY, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

64.   The unconstitutional actions and/or omissions of Defendants, to-be-identified San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, and DOES 12-50, as described above, were approved, tolerated and/or ratified by policy-making officers for the COUNTY and the SJCSO. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the COUNTY and the SJCSO, including, but not limited to Defendant WITHROW, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the COUNTY and the SJCSO have approved of the conduct of Defendants, to-be-identified San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, and DOES 12-50, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    21

those decisions. By so doing, the authorized policy makers within the COUNTY and the SJCSO have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

65.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants, to-be-identified San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, and DOES 12-50 were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 USC §1983, as more fully set forth in ¶¶ 55-57, above.

66.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants COUNTY and DOES 31–34, as described above, Plaintiff suffered injuries, constitutional violations, liberty deprivations, and incurred damages, and thus, he is entitled to damages, penalties, costs, and attorneys' fees, as set forth in ¶ 54, above, and he is entitled to punitive damages against the to-be-identified policy maker and/or supervisorial Defendants in their individual capacities.

### THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 – Supervisory Liability)
### PLAINTIFF AGAINST DEFENDANTS WITHROW, SAN JOAQUIN COUNTY SHERIFF'S OFFICE CUSTODY DIVISION SERGEANT JOHN DOE 8, and DOES 35-50

67.     Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

68.     At all material times, Defendants WITHROW, San Joaquin County Sheriff's Office Custody Division Sergeant JOHN DOE 8, and DOES 35-50 had the duty and responsibility to constitutionally hire, train, instruct, monitor, supervise, evaluate, investigate, staff, and discipline

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    22

the other Defendants employed by the San Joaquin County Sheriff's Office.

69.     Defendants WITHROW, JOHN DOE 8, and DOES 35-50 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the employees of the SJCSO, including, but not limited to, to-be-identified individual Defendants and other COUNTY and Sheriff's Office personnel, with deliberate indifference to Plaintiff's and others' constitutional rights, which were thereby violated as described above.

70.     As supervisors, Defendants WITHROW, JOHN DOE 8, and DOES 35-50 each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights of Plaintiff. Each of these supervising Defendants either directed his or her subordinates in conduct that violated Plaintiff's rights, OR set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive Plaintiff of rights, OR knew his or her subordinates were engaging in acts likely to deprive Plaintiff of rights and failed to act to prevent his or her subordinate from engaging in such conduct, OR disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate Plaintiff's rights, and in fact did cause the violation of Plaintiff's rights. *See*, Ninth Circuit Model Civil Jury Instruction No. 9.4. Furthermore, each of these supervising Defendants is liable in their failures to intervene in their subordinates' apparent violations of Plaintiff's rights.

71.     The unconstitutional customs, policies, practices, and/or procedures of Defendant COUNTY, as stated herein, were directed, encouraged, allowed, and/or ratified by policymaking officers for Defendant COUNTY and its Sheriff's Office, including Defendants WITHROW, JOHN DOE 8, and DOES 35-50, with deliberate indifference to Plaintiff's and others' constitutional rights, which were thereby violated as described above.

72.     The unconstitutional actions and/or omissions of Defendants, to-be-identified San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, DOES 12-50, and other SJCSO

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    23

personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the COUNTY and the SJCSO. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the COUNTY and the SJCSO, including, but not limited to, Defendants WITHROW, JOHN DOE 8, and DOES 35-50, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the COUNTY and the SJCSO, including Defendants WITHROW, JOHN DOE 8, and DOES 35-50, have approved of the conduct of Defendants, to-be-identified San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, DOES 12-50, and other SJCSO personnel, and have made a deliberate choice to endorse the decisions of those Defendants and the basis for those decisions. By so doing, the authorized policy makers within the COUNTY and the SJCSO have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers. Furthermore, Plaintiff is informed and believes, and thereupon alleges, that Defendants WITHROW, JOHN DOE 8, DOES 35-50 and other policy making supervisors within the COUNTY were and are aware of a pattern of misconduct and injury, and a code of silence, caused by COUNTY law enforcement officers and jail staff similar to the conduct of Defendants described herein, but failed to discipline culpable law enforcement officers and employees, and failed to institute new procedures and policy within the COUNTY.

73.     The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct on the part of Defendants WITHROW, JOHN DOE 8, and DOES 35-50 were a moving force behind and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above, in ¶¶ 55-57, above.

74.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    24

described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

75.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants WITHROW, JOHN DOE 8, and DOES 35-50 as described above, Plaintiff sustained serious and permanent injuries, and is entitled to damages, penalties, costs, and attorneys' fees as set forth above in ¶ 54.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 – BANE ACT)**
**PLAINTIFF AGAINST DEFENDANTS JOHN DOE 8, JOHN DOES 1-5, JANE DOES 6 and 9, JOHN DOES 7, 10, and 11, and DOES 12-50**

76.     Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

77.     By their acts, omissions, customs, and policies, each Defendant, acting in concert/conspiracy, as described above, interfered with, and/or attempted to interfere with, and violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

  a.  The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;

  b.  The right to express criticism of the government and/or government officials and/or public employees and/or to question a public official or public employee's job performance and/or to question a public employee as to the proper performance of their duties, as secured by the First and Fourteenth Amendments;

  c.  The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

  d.  The right to be free from excessive and unreasonable force, as secured by the Fourth and Fourteenth Amendments;

  e.  The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

  f.  The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13; and,

  g.  The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

78.     Alternatively, or concurrently, the threat, intimidation, and coercion described herein was

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    25

not necessary or inherent to Defendants' violation of Plaintiff's rights, nor to any legitimate law enforcement activity.

79.     Further, all of Defendants' violations of duties and rights and coercive conduct, described herein, were volitional acts; none were accidental or merely negligent.

80.     Defendant COUNTY is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

81.     As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 54, and to punitive damages against the individual Defendants and DOES 1–50 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, including costs, attorneys' fees, three times actual damages, and civil penalties. No punitive damages are sought against Defendant COUNTY directly.

### FIFTH CAUSE OF ACTION
### (CAL. CONST., ART. I, § 13)
### PLAINTIFF AGAINST DEFENDANTS JOHN DOE 8, JOHN DOES 1-5, JANE DOES 6 and 9, JOHN DOES 7, 10, and 11, and DOES 12-50

82.     Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

83.     The excessive force, and/or the wrongful setting into motion of the chain of events that led to the excessive force used on Plaintiff, and the other liberty deprivations that occurred, violated Plaintiff's rights under Article I, § 13 of the California Constitution, thereby entitling Plaintiff to damages.

84.     Defendant COUNTY is not sued directly in this cause of action, but is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

85.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 54. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    26

86.     In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against the COUNTY directly.

**SIXTH CAUSE OF ACTION**
**(ASSAULT AND BATTERY)**
**PLAINTIFF AGAINST DEFENDANTS JOHN DOE 8, JOHN DOES 1-5, JANE DOES 6**
**and 9, JOHN DOES 7, 10, and 11, and DOES 12-50**

87.     Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

88.     By the acts of the to-be-identified Defendants named in this cause of action, as alleged herein, Plaintiff was subjected to an assault and battery, thereby entitling Plaintiff to damages pursuant to California law.

89.     The aiding and abetting and/or failure to intervene and/or failure to prevent this assault and battery gives rise to liability on the part of the other individually named and/or DOE Defendants.

90.     Defendant COUNTY is not sued directly in this cause of action, but is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

91.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 54. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

92.     In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against the COUNTY directly.

**SEVENTH CAUSE OF ACTION**
**(FALSE IMPRISONMENT)**
**PLAINTIFF AGAINST DEFENDANTS JOHN DOE 8, JOHN DOES 1-5, JANE DOES 6**
**and 9, JOHN DOES 7, 10, and 11, and DOES 12-50**

93.     Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

94.     By the above-described acts and/or omissions and/or failures to supervise and/or failure to

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    27

institute and execute adequate training and policies on the part of Defendants, as alleged herein, Plaintiff was falsely imprisoned, thereby entitling Plaintiff to damages, pursuant to California law.

95.     The aiding and abetting and/or failure to intervene and/or failure to prevent this false imprisonment gives rise to liability on the part of other, to-be-identified DOE Defendants.

96.     The COUNTY is vicariously liable, pursuant to California Government Code section 815.2.

97.     As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 54.

98.     Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against the COUNTY directly.

**EIGHTH CAUSE OF ACTION**
**(NEGLIGENCE)**
**PLAINTIFF AGAINST DEFENDANTS WITHROW, JOHN DOE 8, JOHN DOES 1-5,**
**JANE DOES 6 and 9, JOHN DOES 7, 10, and 11, DOES 12-50, and DOES 35-50**

99.     Plaintiff realleges each and every paragraph in this complaint, as if fully set forth here.

100.    At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

101.    At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

102.    These general duties of reasonable care and due care owed to Plaintiff by all Defendants include, but are not limited to, the following specific obligations:

    a.  to refrain from using, or causing to be used, excessive and/or unreasonable force against Plaintiff;

    b.  to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;

    c.  to refrain from abusing their authority granted them by law;

    d.  to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

103.    Additionally, these general duties of reasonable care and due care owed to Plaintiff by

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.                    28

Defendants COUNTY, WITHROW, San Joaquin County Custody Division Sergeant JOHN DOE 8, San Joaquin County Custody Line Officers JOHN DOES 1-5, San Joaquin County Custody Line Officers JANE DOES 6 and 9, San Joaquin County Custody Line Officers JOHN DOES 7, 10, and 11, DOES 12-50, and other SJCSO personnel include, but are not limited to, the following specific obligations:

      a.  to institute and require proper and adequate training, supervision, policies, and procedures concerning the use of force;

      b.  to properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents, and/or SJCSO officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

      c.  to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's; and,

      d.  to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at ¶¶ 61-66, above.

104.    Defendants, through their acts and omissions, breached one, more, or all of the aforementioned duties owed to Plaintiff.

105.    Defendant COUNTY is vicariously liable, pursuant to California Government Code § 815.2.

106.    As a direct and proximate result of the Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 54, and to punitive damages against the individual Defendants. No punitive damages are sought against the COUNTY directly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JACOB SERVIN respectfully requests the following relief against each and every Defendant herein, jointly and severally:

      a.  Compensatory damages in an amount according to proof and which is fair, just and reasonable;

      b.  Punitive damages against the individual Defendants, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Defendant COUNTY);

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.       29

c.    For attorney's fees and costs of suit under 42 U.S.C. § 1988;

d.    For attorney's fees and costs of suit under California Civil Code §§ 52 (b)(3) and 52.1(h);

e.    All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, California Code of Civil Procedure § 1021.5, California Civil Code §§ 52 et seq. and 52.1, and as otherwise may be allowed by California and/or federal law;

f.    Injunctive relief, including, but not limited to, the following:

    i.    An order prohibiting Defendant COUNTY and its law enforcement officers from engaging in the unconstitutional customs, policies, practices, training, and supervision as may be determined and/or adjudged by this case; and,

g.    For such other and further relief as this Court may deem appropriate, just, or proper.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure, for all claims for which a jury is permitted.

Dated:  December 9, 2020              **LAW OFFICE OF SANJAY S. SCHMIDT**
                                      **-and-**
                                      **THE BOGAN LAW FIRM, PC**


                                      */s/ Sanjay S. Schmidt*
                                      By: Sanjay S. Schmidt
                                      Attorneys for Plaintiff,
                                      JACOB SERVIN

Complaint for Damages, Declaratory and Injunctive Relief, and Demand for Jury Trial
*Servin v. County of San Joaquin, et al.*
USDC (E.D. Cal.) Case No.              30