**MAYALL HURLEY, P.C.**
A Professional Corporation
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
MARK E. BERRY, ESQ.
CA State Bar No: 155091

Attorneys for Defendant,
COUNTY OF SAN JOAQUIN (erroneously sued as
SAN JOAQUIN COUNTY)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACOB SERVIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SAN JOAQUIN COUNTY, a public entity; San Joaquin County Sheriff-Coroner PATRICK WITHROW, in his individual and official capacities; San Joaquin County Sheriff's Office Custody Division Sergeant JOHN DOE 8; San Joaquin County Sheriff's Office Custody Line Officers JOHN DOES 1-5; San Joaquin County Sheriff's Office Custody Line Officers JANE DOES 6 and 9; San Joaquin County Sheriff's Office Custody Line Officers JOHN DOES 7, 10, and 11; and DOES 12-70, individually, jointly and severally,<br><br>Defendants. | Case No. 2:20-cv-02445-WBS-KJN<br><br>**COUNTY OF SAN JOAQUIN'S ANSWER TO COMPLAINT** |

Defendant, COUNTY OF SAN JOAQUIN (erroneously sued herein as SAN JOAQUIN COUNTY) herein answers the plaintiff's complaint as follows:

As for the allegations contained within paragraph 2:5, these allegations are denied except to the extent that the defendant admits that the plaintiff was booked into the San Joaquin County Jail on offense of public intoxication.

As for the allegations contained within paragraph 2:7-9, this answering defendant

admits that Mr. SERVIN was escorted to a holding cell. In all other respects, this allegation is denied.

As for the allegations contained within paragraph 2:9-12, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 3:13-3:6:5, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 1:7-9, the plaintiff asserts legal contentions to which no response is required. The plaintiff admits the material activity set forth in the complaint occurred on December 2, 2019 at the San Joaquin County Jail located in French Camp, California.

As for the allegations contained within paragraph 2, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 3, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 4, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 5, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 6, the plaintiff asserts legal contentions to which no response is required. This answering defendant admits that it is a public entity duly organized under the laws of the state of California, that it operates the San Joaquin County Jail, that PATRICK WITHROW is the duly elected Sheriff-Coroner of the COUNTY OF SAN JOAQUIN and that it employs jail custodial staff associated with jail operations at the San Joaquin County Jail.

As for the allegations contained within paragraph 7, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 8, the plaintiff asserts legal

contentions to which no response is required. This answering defendant admits that PATRICK WITHROW is the duly elected Sheriff of the COUNTY OF SAN JOAQUIN and is the highest-ranking official within that department.

As for the allegations contained within paragraph 9, the plaintiff asserts legal contentions to which no response is required. Furthermore, these allegations are directed to defendants other than the COUNTY OF SAN JOAQUIN.

As for the allegations contained within paragraph 10, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 11, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 12, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 13, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 14, the plaintiff asserts legal contentions to which no response is required. The COUNTY OF SAN JOAQUIN has filed a demurrer to the plaintiff's "Verified Petition for Writ of Mandate and Complaint Ordering Compliance with the California Public Records Act." Servin v. San Joaquin County, County of San Joaquin Case No. STK-CV-UWM-2020-0010701.

As for the allegations contained within paragraph 15, the plaintiff asserts legal contentions to which no response is required. The COUNTY OF SAN JOAQUIN has filed a demurrer to the plaintiff's "Verified Petition for Writ of Mandate and Complaint Ordering Compliance with the California Public Records Act." Servin v. San Joaquin County, County of San Joaquin Case No. STK-CV-UWM-2020-0010701.

As for the allegations contained within paragraph 16, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual

contentions, they are denied.

As for the allegations contained within paragraph 17, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 18, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 19, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 20, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 21, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 22, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 23, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 24, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 25, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 26, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied. The video referenced speaks for itself and does not reference any pre-existing injuries.

As for the allegations contained within paragraph 27, the plaintiff asserts legal

contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

It is admitted that video does not show the plaintiff being physically combative during the pre-booking process.

As for the allegations contained within paragraph 28, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied. To the extent the allegations are directed to defendants other than this answering defendant, no response if required.

As for the allegations contained within paragraph 29, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied. This answering defendant is without personal knowledge as to the plaintiff's "normal gait" and pre-existing physical injuries.

As for the allegations contained within paragraph 30, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 31, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 31:18-19, the defendant acknowledges that the plaintiff appears to have removed his shoes prior to entering a holding cell. As for the other factual contentions contained within this paragraph, they are denied.

As for the allegations contained within paragraph 32, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 33, it is admitted that multiple correctional staff entered the plaintiff's holding cell. Whether or not they are "DOE Defendants" is unknown.

As for the allegations contained within paragraph 34, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual

contentions, they are denied. The defendant admits that when the plaintiff exited his holding cell he was barefoot and had blood on his pants and face.

As for the allegations contained within paragraph 35, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 36, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 37, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 38, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 39, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 40, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 41, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 42, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 43, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual

contentions, they are denied.

As for the allegations contained within paragraph 44, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 45, the COUNTY OF SAN JOAQUIN admits that an internal affairs investigation was initiated relating to Mr. SERVIN'S allegations.

As for the allegations contained within paragraph 46, this answering defendant is without personal knowledge and therefore, it is denied. To the extent the plaintiff asserts factual contentions, no response is required.

As for the allegations contained within paragraph 47, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied. To the extent the allegations are directed to other defendants, no response is required.

As for the allegations contained within paragraph 48, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied. To the extent the allegations are directed to other defendants, no response is required.

As for the allegations contained within paragraph 49, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied. This answering defendant admits that WITHROW is the duly elected Sheriff of the COUNTY OF SAN JOAQUIN and the highest-ranking official within this county's department.

As for the allegations contained within paragraph 50, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 51, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual

contentions, they are denied.

As for the allegations contained within paragraph 52, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 53, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff makes factual contentions, this answering defendant is without personal knowledge and therefore, these allegations are denied.

As for the allegations contained within paragraph 54, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 55, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 56, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 57, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 58, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 59, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 60, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 61, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 62, the plaintiff asserts legal

contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 63, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 64, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 65, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 66, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 67, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 68, the plaintiff asserts legal contentions to which no response is required.

As for the allegations contained within paragraph 69, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 70, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 71, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 72, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 73, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 74, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 75, the plaintiff asserts legal contentions to which no response is required. To the extent the plaintiff asserts factual contentions, they are denied.

As for the allegations contained within paragraph 76, this cause of action does not apply to this answering defendant and therefore, no response is required.

As for the allegations contained within paragraph 77, this cause of action does not apply to this answering defendant and therefore, no response is required.

As for the allegations contained within paragraph 78, this cause of action does not apply to this answering defendant and therefore, no response is required.

As for the allegations contained within paragraph 79, this cause of action does not apply to this answering defendant and therefore, no response is required.

As for the allegations contained within paragraph 80, this cause of action does not apply to this answering defendant and therefore, no response is required.

As for the allegations contained within paragraph 81, this cause of action does not apply to this answering defendant and therefore, no response is required.

As for the allegations contained within paragraphs 82, 83, 84, 85, and 86, this cause of action does not apply to this answering defendant and therefore, no response is required.

As for the allegations contained within paragraphs 87, 88, 89, 90, 91, and 92, this cause of action does not apply to this answering defendant and therefore, no response is required.

As for the allegations contained within paragraphs 93, 94, 95, 96, 97, and 98, this cause of action does not apply to this answering defendant and therefore, no response is required.

As for the allegations contained within paragraph 99, 100, 101, 102, 103, 104, 105, and 106, this cause of action does not apply to this answering defendant and therefore, no response is required.

As for the allegations contained with paragraph 29:22-30:10, the plaintiff asserts legal contentions to which no response is required.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE - FAILURE TO MITIGATE**

That the plaintiff, by the exercise of reasonable effort, could have mitigated reduced the amount of claimed damages; however, plaintiff did not, and failed to exercise such reasonable efforts at mitigation, all to defendants' detriment.

**SECOND AFFIRMATIVE DEFENSE – PRIVILEGE**

Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable federal and state statutes and/or case law.

**THIRD AFFIRMATIVE DEFENSE - ACTS OF OTHERS**

That in addition to plaintiff, there were persons other than these answering defendants which were negligent in and about the matters and things alleged in plaintiff's Complaint and said negligence of others proximately caused or contributed to the injuries and damages sustained by plaintiff, if any.

**FOURTH AFFIRMATIVE DEFENSE - FAILURE TO STATE FACTS**

That plaintiff's Complaint, and each of the alleged causes of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering defendant.

**FIFTH AFFIRMATIVE DEFENSE – ABSENCE OF DELIBERATE INDIFFERENCE**

COUNTY OF SAN JOAQUIN alleges that, at all times relevant, it acted reasonably, without malice or deliberate indifference, within the scope of all legislatively granted authority, and with a reasonable belief in the lawfulness of his conduct.

///

**SIXTH AFFIRMATIVE DEFENSE – COMPARATIVE FAULT**

COUNTY OF SAN JOAQUIN alleges that the plaintiff did not exercise ordinary care, caution or to avoid the incident described in the Complaint, and his resulting injuries and damages, if any, were proximately caused and contributed to by the plaintiff's own fault, carelessness, and negligence.

**SEVENTH AFFIRMATIVE DEFENSE – STATUTORY IMMUNITY**

COUNTY OF SAN JOAQUIN contends that the actions of the co-defendants and/or PATRICK T. WITHROW entitles them to the defense of multiple statutory immunities, including but not limited to Government Code Section 820.2 (discretionary immunity); Government Code Section 820.4 (non-negligent execution or enforcement immunity); Penal Code Section 835(a) (self-defense immunity); Penal Code Section 836 (probable cause to arrest immunity); Penal Code Section 836.5 (probable cause to arrest immunity); and Penal Code Section 847(b) (arrest immunity).

COUNTY OF SAN JOAQUIN alleges that at all times herein mentioned, is immune from liability herein pursuant to the provisions of Civil Code section 47(b) and Government Code Sections 810 through 996.6.

**EIGHTH AFFIRMATIVE DEFENSE – GOVERNMENT CLAIMS COMPLIANCE**

COUNTY OF SAN JOAQUIN alleges that to the extent SERVIN alleges or asserts matters not contained in a legally sufficient claim filed by him, this action is barred by the claims requirement set forth in Government Code sections 905 et seq.

**NINTH AFFIRMATIVE DEFENSE - SELF DEFENSE**

COUNTY OF SAN JOAQUIN alleges that SERVIN'S injuries, if any, were caused by his own aggressive acts, and the reasonable and justified acts in self-defense resulting directly from his own aggression. Accordingly, SERVIN may not recover damages from this defendant.

**TENTH AFFIRMATIVE DEFENSE – ASSUMPTION OF RISK**

At all times mentioned in the plaintiff's complaint, the decedent knew all of the conditions and circumstances of his behavior and did freely and voluntarily assume any and all

risks, if any there were, and that any injuries or damages sustained by the plaintiffs were legally caused or contributed to by the decedent's assumption of these risks.

**DEMAND FOR JURY TRIAL**

The defendant, COUNTY OF SAN JOAQUIN herein sued as SAN JOAQUIN COUNTY, herein demands a jury trial.

**RELIEF**

Defendant COUNTY OF SAN JOAQUIN hereby requests that the plaintiff recover nothing by way of his Complaint and that it recovers statutory costs.

DATED: February 10, 2021 **MAYALL HURLEY, P.C.**

By /s/ *Mark E. Berry*
MARK E. BERRY
Attorneys for Defendant,
COUNTY OF SAN JOAQUIN (erroneously sued as SAN JOAQUIN COUNTY)