Sanjay S. Schmidt, Esq.
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter St., Suite 810
San Francisco, CA 94109
Telephone: (415) 563-8583
Fax: (415) 223-9717
ss@sanjayschmidtlaw.com

Tai C. Bogan, Esq.
**THE BOGAN LAW FIRM, PC**
615 13th Street, Suite A
Modesto, CA 95354
Telephone: (209) 566-9591
Fax: (209) 566-9668
tai.bogan@theboganlawfirm.com

Attorneys for Plaintiff,
JACOB SERVIN

Attorneys for Plaintiff,
JACOB SERVIN

**MAYALL HURLEY, P.C.**
A Professional Corporation
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
MARK E. BERRY, ESQ.
CA State Bar No: 155091
SHANE M. HOOVER, ESQ.
CA State Bar No. 327133

Attorneys for Defendants,
COUNTY OF SAN JOAQUIN, SHERIFF PATRICK WITHROW
San Joaquin County Sheriff's Office Custody Division Sergeant
RUBEN RODRIGUEZ, San Joaquin County Sheriff's Office Custody
Line Officers GARRETT BERGREN, EMMANUEL FLORES, MARIO RODRIGUEZ, MARK
RODRIGUEZ, ZACHARY THOMPSON, and KACEY FOSTER

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SERVIN, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>SAN JOAQUIN COUNTY, a public entity; San Joaquin County Sheriff-Coroner PATRICK WITHROW, in his individual and official capacities; San Joaquin County Sheriff's Office Custody Division Sergeant RUBEN RODRIGUEZ; San Joaquin County Sheriff's Office Custody Line Officers GARRETT BERGREN, EMMANUEL FLORES, MARIO RODRIGUEZ, MARK RODRIGUEZ, and ZACHARY THOMPSON; San Joaquin County Sheriff's Office Custody Line Officers KACEY FOSTER and JANE DOE 9; San Joaquin County Sheriff's Office Custody Line Officers JOHN DOES 7, 10, and 11; and DOES 12-70, individually, jointly and severally,<br><br>            Defendants. | Case No. 2:20-cv-02445-WBS-KJN<br><br>**STIPULATION TO EXTEND DATES IN PETRIAL SCHEDULING ORDER [ECF NO. 25]; ORDER** |

Page 1
STIPULATION TO EXTEND PETRIAL SCHEDULING ORDER (ECF No. 25)

1  Plaintiff, by and through his counsel of record, and Defendants, by and through their
2  counsel of record, having met and conferred, hereby respectfully make the following stipulated
3  request to the court:

4  WHEREAS, the Plaintiff filed his First Amended Complaint on December 3, 2021,
5  naming RUBEN RODRIGUEZ, GARRETT BERGREN, EMMANUEL FLORES, MARIO
6  RODRIGUEZ, MARK RODRIGUEZ, ZACHARY THOMPSON, and KACEY FOSTER as
7  individual defendants;

8  WHEREAS, Plaintiff and Defendants long ago completed their initial, Rule 26(a)(1)
9  disclosures, and have both exchanged one round of written discovery requests and responses;

10 WHEREAS, both Plaintiff and Defendants have produced extensive documents, and both
11 sides are prepared to conduct depositions now;

12 WHEREAS, on April 18, 2022 Defendants set Plaintiff JACOB SERVIN's deposition for
13 July 5, 2022.

14 WHEREAS, Plaintiff JACOB SERVIN's deposition was previously set for July 5, 2022,
15 following which the parties had stipulated to permit Defendants' retained expert to conduct a
16 Federal Rule of Civil Procedure 35 medical examination of Plaintiff, which was scheduled for
17 July 14, 2022;

18 WHEREAS, COVID-19 cases continue spread, particularly in Stanislaus County (where
19 Plaintiff's Co-Counsel, Tai C. Bogan, is based) and in San Joaquin County (where Defendants'
20 counsel are based), as well as all of the Bay Area counties, including the City and County of San
21 Francisco (where Plaintiff's other Co-Counsel is based);

22 WHEREAS, on June 23, 2022, the CDC increased Stanislaus County's Community
23 Level, a metric intended to guide public health officials in their efforts to prevent transmission of
24 the COVID-19 virus, from "medium" to "high", reflecting the increased spread of the COVID-19
25 virus in Stanislaus County;

26 WHEREAS, on Friday, June 24, 2022, the undersigned counsel (Sanjay S. Schmidt) and
27 his paralegal, Mr. Montanez, learned that one of the subtenants from his office suite had fallen ill,
28 and had tested positive for COVID-19;

_____
Page 2
STIPULATION TO EXTEND PETRIAL SCHEDULING ORDER (ECF No. 25)

1   WHEREAS, Mr. Montanez was in proximity to and had communicated with this
2   individual for a brief period of time that day, as a result of which Mr. Montanez left early for the
3   day in order to go get tested, as soon as he learned this, in view of Mr. Montanez having a
4   newborn child at home;

5   WHEREAS, on Sunday, June 26, 2022, the undersigned counsel for Plaintiff was
6   informed that Mr. Montanez was very ill, and had tested positive for COVID-19, thereby
7   requiring that he quarantine from his wife and child, and also remain out on sick leave all week;

8   WHEREAS, on Monday, June 27, 2022, the undersigned counsel for Plaintiff was
9   informed by the management of his building that other individuals in the building had also fallen
10  ill and tested positive for COVID-19, as a result of which the undersigned counsel elected to
11  close his office, and continue to work remotely throughout the entire week of June 27, 2022,
12  through July 1, 2022;

13  WHEREAS, on Monday, June 27, 2022, at about 5:00 p.m., attorney Tai C. Bogan's
14  assistant (who is located in the County of Stanislaus and who had no interaction with anyone in
15  Mr. Schmidt's office) began feeling ill, and on that same date and time took a COVID-19 test at
16  his office, which showed a positive result; during that day, Mr. Bogan and his assistant were
17  working closely on a variety of matters, and were working and communicating in close proximity
18  to each other for an extended and continuous time period;

19  WHEREAS, because of the positive test result of his assistant, and in view of the
20  prolonged exposure he had to her, in order to adhere to the published guidelines of public health
21  officials in order to attempt to prevent and mitigate the further spread of COVID-19, Mr. Bogan
22  closed his office to the public and clients for the week, and Mr. Bogan had to find special
23  appearance attorneys to cover his cases that were set throughout this past week, while he
24  quarantined, pursuant to health and safety rules and guidelines;

25  WHEREAS, at the present time, Mr. Bogan does not yet know whether he was infected
26  with COVID-19 – and does not know, if he was infected whether he will be asymptomatic or not
27  – because the incubation period, according to public health experts, can be up to 14-days,
28  although most people have symptoms by the 12th day after an exposure, or sooner;

_____

Page 3
STIPULATION TO EXTEND PETRIAL SCHEDULING ORDER (ECF No. 25)

1   WHEREAS, on June 29, 2022, defense counsel's office inquired about whether the previously scheduled deposition of Mr. Servin (set for July 5, 2022) would be confirmed, and as a result of the exposure and quarantine of Mr. Bogan, whether the deposition could proceed on July 5, 2022, became uncertain and impracticable because, with Monday, July 4, 2022 (the day before the scheduled deposition) being a holiday it would be unknown sufficiently in advance what Mr. Bogan's condition would be on Tuesday, July 5, 2022, and more importantly, it also required the cancellation of a pre-deposition meeting between counsel and their client; consequently, the deposition could not be confirmed for July 5, 2022, for which advance confirmation is required by the court reporter and other vendors;

WHEREAS, additionally, and separate and apart from the exposure and quarantine status of Plaintiff's Co-Counsel, as a result of the July 4, 2022, holiday and Plaintiff's employer being short staffed, the Plaintiff is badly needed at work on July 5, 2022, and is unable to take that day off; moreover, if Plaintiff were to be able to somehow obtain authorization to miss this day of work, only to have the deposition canceled if his Co-Counsel were to fall ill over the weekend, it would needlessly create a severe hardship and strain;

WHEREAS, Defendants understandably seek to complete the Plaintiff's deposition prior to their medical expert's Rule 35 examination of Plaintiff, so as a result of the need to continue the Plaintiff's deposition, the defense's examination, currently set for July 14, 2022, will also need to be re-scheduled to a future date;

WHEREAS, from June 29, 2022, until the filing of this stipulated request, Plaintiff's counsel and Defendants' counsel have met and conferred and made extensive efforts to address the foregoing circumstances and reschedule the Plaintiff's deposition to a date prior to the medical examination set for July 14, 2022, in order to avoid an impact on the scheduling order, but there is no alternative date that works for the calendars of all parties involved;

WHEREAS, Defendants have been diligent in conducting their needed discovery, as has Plaintiff, and the need for the extension of the deadlines in the scheduling order that is requested by this stipulation is due to no fault of the Defendants or their counsel, nor is it due to the fault of Plaintiff or his counsel; it is an unfortunate and unavoidable sequence of events that has led to the

need to continue this deposition, which causes a domino effect that requires an extension of the present discovery cutoff date and other, successive deadlines; this is because Defendants' counsel, Mr. Berry, is set to start back to back trials, on 08/15/22 and 08/26/22, so his calendar with be busy with expert depositions (which will make him unavailable for the depositions of Defendants and other witnesses that Plaintiff needs to take in this action), and Plaintiff's counsels' calendars are very full with depositions of lay witnesses, experts, motion hearings, and settlement conferences throughout July, August, and September, the cumulative effect of which necessitates an extension of all dates by 90-days;

WHEREAS, in order to complete both expert and fact related discovery, to include the depositions of the Plaintiff, the Defendants' medical examination of the Plaintiff, and depositions of Plaintiff's treating physicians, as well as for Plaintiff to complete the depositions of the Defendants and other witnesses and simultaneously accommodate the schedules of deponents and counsel as much as possible, the parties respectfully stipulate and request that the court extend the current deadlines in the Pretrial Scheduling Order by approximately 90-days, as set forth below. Although the parties propose dates for the Pretrial Conference and Jury Trial, the undersigned counsel recognize that the proposed dates may not comport with the Court's calendar and availability; consequently, if the proposed dates are unavailable, counsel understands that the Court may set alternative dates. If possible, counsel requests that the Court advise counsel of available dates for the Pretrial Conference and Jury Trial, and afford counsel the opportunity to submit a joint statement with dates on which counsel are available.

This is the second stipulated request by the parties to modify the scheduling order. *See* ECF Nos. 24-25.

The following reflects the court's current schedule and the requested extension:

| ACTIVITY | CURRENT DEADLINES | PROPOSED DEADLINE |
|---|---|---|
| Rule 26(a)(2) Expert Disclosure | August 2, 2022 | November 1, 2022 |
| Expert Rebuttal | September 2, 2022 | December 5, 2022 |

_____

Page 5
STIPULATION TO EXTEND PETRIAL SCHEDULING ORDER (ECF No. 25)

| | | |
|---|---|---|
| Discovery Cutoff | September 30, 2022 | December 30, 2022 |
| Last date for filing dispositive motions | October 28, 2022 | January 26, 2023 |
| Pretrial Conference | December 19, 2022, at 1:30 p.m. | March 20, 2023, at 1:30 p.m. |
| Jury Trial | February 28, 2023, at 9:00 a.m. | July 3, 2023, at 9:00 a.m. |

IT IS SO STIPULATED AND AGREED.

Respectfully Submitted,

Dated:  July 5, 2022

**LAW OFFICE OF SANJAY S. SCHMIDT
-and-
THE BOGAN LAW FIRM, PC**


*/s/ Sanjay S. Schmidt*
By: Sanjay S. Schmidt
Attorneys for Plaintiff,
JACOB SERVIN

Dated:  July 5, 2022

Respectfully Submitted,

**MAYALL HURLEY, P.C.**

*/s/ Mark E. Berry\**
By: MARK E. BERRY
SHANE M. HOOVER
Attorneys for Defendants,
COUNTY OF SAN JOAQUIN, SHERIFF PATRICK WITHROW, San Joaquin County Sheriff's Office Custody Division Sergeant RUBEN RODRIGUEZ, San Joaquin County Sheriff's Office Custody Line Officers GARRETT BERGREN, EMMANUEL FLORES, MARIO RODRIGUEZ, MARK RODRIGUEZ, ZACHARY THOMPSON, and KACEY FOSTER

∗Pursuant to Local Rule 131(e), counsel has authorized submission of this document on counsel's behalf.
//

_____

Page 6
STIPULATION TO EXTEND PETRIAL SCHEDULING ORDER (ECF No.  25)

# ORDER

GOOD CAUSE having been shown, the foregoing stipulation for an extension of certain deadlines in the Pretrial Scheduling Order is HEREBY GRANTED, and the dates are reset as follows:

| | |
|---|---|
| Rule 26(a)(2) Expert Disclosure: | November 1, 2022 |
| Expert Rebuttal: | December 5, 2022 |
| Discovery Cutoff: | December 30, 2022 |
| Last date for filing dispositive motions: | January 26, 2023 |
| Pretrial Conference: | **April 10, 2023, at 1:30 p.m.** |
| Jury Trial: | **July 5, 2023, at 9:00 a.m.** |

**IT IS SO ORDERED.**

Dated: July 5, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE