Sanjay S. Schmidt, Esq.
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter St., Suite 810
San Francisco, CA 94109
Telephone: (415) 563-8583
Fax: (415) 223-9717
ss@sanjayschmidtlaw.com

Tai C. Bogan, Esq.
**THE BOGAN LAW FIRM, PC**
615 13th Street, Suite A
Modesto, CA 95354
Telephone: (209) 566-9591
Fax: (209) 566-9668
tai.bogan@theboganlawfirm.com

Attorneys for Plaintiff,
JACOB SERVIN

Attorneys for Plaintiff,
JACOB SERVIN

**MAYALL HURLEY, P.C.**
A Professional Corporation
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
MARK E. BERRY, ESQ.
CA State Bar No: 155091

Attorneys for Defendants,
COUNTY OF SAN JOAQUIN, SHERIFF PATRICK WITHROW
San Joaquin County Sheriff's Office Custody Division Sergeant
RUBEN RODRIGUEZ, San Joaquin County Sheriff's Office Custody
Line Officers GARRETT BERGREN, EMMANUEL FLORES, MARIO RODRIGUEZ, MARK
RODRIGUEZ, ZACHARY THOMPSON, and KACEY FOSTER

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SERVIN, an individual, | Case No. 2:20-cv-02445-WBS-KJN |
| Plaintiff, | **STIPULATION TO EXTEND DATES IN PRETRIAL SCHEDULING ORDER (ECF NO. 32);  ORDER** |
| vs. | |
| SAN JOAQUIN COUNTY, a public entity; San Joaquin County Sheriff-Coroner PATRICK WITHROW, in his individual and official capacities; San Joaquin County Sheriff's Office Custody Division Sergeant RUBEN RODRIGUEZ; San Joaquin County Sheriff's Office Custody Line Officers GARRETT BERGREN, EMMANUEL FLORES, MARIO RODRIGUEZ, MARK RODRIGUEZ, and ZACHARY THOMPSON; San Joaquin County Sheriff's Office Custody Line Officers KACEY FOSTER and JANE DOE 9; San Joaquin County Sheriff's Office Custody Line Officers JOHN DOES 7, 10, and 11; and DOES 12-70, individually, jointly and severally, | |
| Defendants. | |

Plaintiff, by and through his counsel of record, and Defendants, by and through their counsel of record, having met and conferred, hereby respectfully make the following stipulated request to the Court:

WHEREAS, Plaintiff and Defendants long ago completed their initial, Rule 26(a)(1) disclosures, and have both exchanged extensive written discovery requests and responses. The defense has also subpoenaed Plaintiff's incident-related medical records and bills.

WHEREAS, Defendants' lead counsel, Mark. E. Berry, required emergency hospitalization on September 20, 2022, and remained hospitalized until September 27, 2022. Mr. Berry suffered a near-fatal double pulmonary embolism with associated bi-lateral pneumonia. Upon Mr. Berry's release from the hospital, he was unable to work and was placed on a limited work schedule until about November 3, 2022, which continued thereafter.

WHEREAS, Plaintiff's counsel has deposed all seven named County of San Joaquin Correctional Officer Defendants, Defendant Bergren, Defendant Foster, Defendant Flores, Defendant Mario Rodriguez, Defendant Thompson, Defendant Mark Rodriguez, and Defendant Ruben Rodriguez. The only named Defendant left to be deposed is the final policymaker and highest ranking official in the chain of command for the County of San Joaquin Sheriff's Office, Defendant Sheriff Patrick Withrow.

WHEREAS, Defense counsel has deposed the Plaintiff and two physicians that treated and/or examined Plaintiff for incident-related injuries. The defense also conducted a Rule 35 physical examination of Plaintiff, on June 22, 2022, and a Rule 35 mental examination of Plaintiff, on February 24, 2023.

WHEREAS, counsel for the parties have met-and-conferred, and are working on coordinating dates on which to set the deposition of the final policymaker for the County of San Joaquin, Defendant Sheriff Withrow, as well as the depositions of certain other County employees, including at least one other Correctional Officer, one San Joaquin County Sheriff's Office Deputy, and various civilian witnesses. Plaintiff also will take 1-2 Rule 30(b)(6) depositions of persons designated by the County of San Joaquin concerning various topics related to the policies and procedures relevant to various issues in this action. Plaintiff needs to take up

to eight more depositions, as a result of which the parties have stipulated below to increase the limit of depositions each side can take from 10 to 15.

WHEREAS, the parties have been very diligent in completing fact discovery, and are largely on-schedule.

WHEREAS, nevertheless, despite the substantial time that counsel for both Plaintiff and Defendants have expended, counsels' schedules have been severely impacted, thus limiting the ability of counsel to schedule and appear for all depositions successively; they have to be scheduled where a mutually available date can be identified.

WHEREAS, there are also at least two digital video files that were produced by the County that are related to the incident – potentially surveillance footage from some location either within the San Joaquin County jail or at some other, relevant location that was captured on the night of the incident – but which neither Plaintiff's counsel, nor their staff, nor Defendants' counsel, nor his staff, are able to open. The parties are working on resolving this, so that the content can be accessed, but this technical issue has not yet been resolved. It is unknown when this issue will be resolved.

WHEREAS, both sides have already expended substantial attorney time and litigation expenses, and both sides have retained neuropsychologists, who have examined Plaintiff and have produced reports. In view of the fairly advanced state of discovery, with the completion of just a few more fact-related depositions, counsel for the parties believe that the case will be ripe for mediation; the belief is that it would make more sense to engage in that process earlier on, before expert disclosures, expert discovery, and the litigation of dispositive motions, in order to conserve the substantial attorney time and litigation costs associated with these upcoming phases in the case – as well as the Court's time in ruling on dispositive motions – and potentially increase the likelihood that the case might resolve. If mediation does not yield a resolution, neither side will be prejudiced, and litigation will promptly resume on schedule.

WHEREAS, the parties recently agreed to submit this case to mediation and moving the currently assigned dates will allow for mediation to be scheduled and conducted.

WHEREAS, if the parties are to complete 1-2 more fact depositions and get a date on

Page 3
STIPULATION TO EXTEND PRETRIAL SCHEDULING ORDER (ECF No. 32)

calendar for mediation, while deferring expert disclosures, expert discovery, and dispositive motion litigation for a relatively brief period, it will be necessary under the present scheduling order to extend the present Rule 26(a)(2) expert disclosure deadline of June 30, 2023, as well as the other, successive dates. The parties have not yet selected a mutually agreeable mediator or target date, but are in the process of meeting-and-conferring on these issues. Based on past experience, most active and mutually agreeable mediators have very busy schedules and do not have extensive availability, so the request below takes this fact into account in the length of the requested extension of dates.

WHEREAS, in order to facilitate the objectives discussed above, the parties respectfully stipulate and request that the court extend the current deadlines in the Pretrial Scheduling Order by approximately 120-days,[1] as set forth below. Although the parties propose dates for the Pretrial Conference and Jury Trial, the undersigned counsel recognize that the proposed dates may not comport with the Court's calendar and availability; consequently, if the proposed dates are unavailable, counsel understands that the Court may set alternative dates. If possible, counsel requests that the Court advise counsel of available dates for the Pretrial Conference and Jury Trial, and afford counsel the opportunity to submit a joint statement with dates on which counsel are available.

This is the fifth stipulated request by the parties to modify the scheduling order.

The following reflects the court's current schedule and the requested extension:

| ACTIVITY | CURRENT DEADLINES | PROPOSED DEADLINE |
|---|---|---|
| Rule 26(a)(2) Expert Disclosure | June 30, 2023 | October 30, 2023 |
| Expert Rebuttal | August 3, 2023 | December 1, 2023 |
| Discovery Cutoff | August 30, 2023 | January 5, 2024 |

---

[1] Except that approximately 127-days were added to the Discovery Cutoff and successive dates because the extended deadline, if only extended by 120-days, would have fallen on December 28, 2023, right in the middle of the holidays, when many people are out of town, so 7-days was added to this deadline, which then required adding 7-days to the other, successive deadlines.

| | | |
|---|---|---|
| Last date for filing dispositive motions | September 22, 2023 | January 26, 2024 |
| Pretrial Conference | December 18, 2023, at 1:30 p.m. | April 22, 2024, at 1:30 p.m.27 |
| Jury Trial | February 27, 2024, at 9:00 a.m. | July 2, 2024, at 9:00 a.m. |

The undersigned counsel also respectfully stipulate and request that, pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i), each side be permitted to take up to 15 depositions.

IT IS SO STIPULATED AND AGREED.

Dated:  June 16, 2023                    Respectfully Submitted,

**LAW OFFICE OF SANJAY S. SCHMIDT**
**THE BOGAN LAW FIRM, PC**
**HELM LAW OFFICE, PC**


*/s/ Sanjay S. Schmidt*
By: Sanjay S. Schmidt
Attorneys for Plaintiff,
JACOB SERVIN

Dated:  June 16, 2023                    Respectfully Submitted,

**MAYALL HURLEY, P.C.**


*/s/ Mark E. Berry**
By: MARK E. BERRY
Attorneys for Defendants,
COUNTY OF SAN JOAQUIN, SHERIFF PATRICK WITHROW, San Joaquin County Sheriff's Office Custody Division Sergeant RUBEN RODRIGUEZ, San Joaquin County Sheriff's Office Custody Line Officers GARRETT BERGREN, EMMANUEL FLORES, MARIO RODRIGUEZ, MARK RODRIGUEZ, ZACHARY THOMPSON, and KACEY FOSTER

∗Pursuant to Local Rule 131(e), counsel has authorized submission of this document on counsel's behalf.

---

Page 5
STIPULATION TO EXTEND PRETRIAL SCHEDULING ORDER (ECF No.  32)

# ORDER

GOOD CAUSE having been shown, the foregoing stipulation for an extension of certain deadlines in the Pretrial Scheduling Order is HEREBY GRANTED, and the dates are reset as follows:

| | |
|---|---|
| Rule 26(a)(2) Expert Disclosure: | October 30, 2023 |
| Expert Rebuttal: | December 1, 2023 |
| Discovery Cutoff: | January 5, 2024 |
| Last date for filing dispositive motions: | January 26, 2024 |
| Pretrial Conference: | **April 22, 2024, at 1:30 p.m.** |
| Jury Trial: | **July 2, 2024, at 9:00 a.m.** |

Furthermore, pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i), each side shall be permitted to take up to 15 depositions.

**IT IS SO ORDERED.**

Dated:  June 16, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE