Sanjay S. Schmidt, Esq.
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter St., Suite 810
San Francisco, CA  94109
Telephone: (415) 563-8583
Fax: (415) 223-9717
ss@sanjayschmidtlaw.com

Attorneys for Plaintiff,
JACOB SERVIN

Tai C. Bogan, Esq.
**THE BOGAN LAW FIRM, PC**
615 13th Street, Suite A
Modesto, CA  95354
Telephone: (209) 566-9591
Fax: (209) 566-9668
tai.bogan@theboganlawfirm.com

Attorneys for Plaintiff,
JACOB SERVIN

**MAYALL HURLEY, P.C.**
A Professional Corporation
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
MARK E. BERRY, ESQ.
CA State Bar No: 155091
mberry@mayallaw.com

Attorneys for Defendants,
COUNTY OF SAN JOAQUIN et al

T. Kennedy Helm, IV
**HELM LAW OFFICE, PC**
MacArthur Annex
644 40th Street, Suite 305
Oakland, CA 94609
Telephone: (510) 350-7517
Fax: (510) 350-7359
Kennedy@helmlawoffice.com

Attorneys for Plaintiff,
JACOB SERVIN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SERVIN, an individual, | Case No. 2:20-cv-02445-WBS-CSK |
| Plaintiff, | **STIPULATION TO EXTEND DATES IN PRETRIAL SCHEDULING ORDER (ECF NOS. 49 & 51); ORDER** |
| vs. | |
| SAN JOAQUIN COUNTY, a public entity; San Joaquin County Sheriff-Coroner PATRICK WITHROW, in his individual and official capacities; San Joaquin County Sheriff's Office Custody Division Sergeant JOHN DOE 8; San Joaquin County Sheriff's Office Custody Line Officers JOHN DOES 1-5; San Joaquin County Sheriff's Office Custody Line Officers JANE DOES 6 and 9; San Joaquin County Sheriff's Office Custody Line Officers JOHN DOES 7, 10, and 11; and DOES 12-70, individually, jointly and severally, | |
| Defendants. | |

Plaintiff, by and through his counsel of record, and Defendants, by and through their counsel of record, having met and conferred, hereby respectfully make the following stipulated request to the Court:

**THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

WHEREAS, the parties have engaged in extensive discovery. Plaintiff's counsel has deposed all seven named County of San Joaquin Correctional Officer Defendants, Defendant Bergren, Defendant Foster, Defendant Flores, Defendant Mario Rodriguez, Defendant Thompson, Defendant Mark Rodriguez, Defendant Ruben Rodriguez, and the final policymaker and highest-ranking official in the chain of command for the County of San Joaquin Sheriff's Office, Defendant Sheriff Patrick Withrow. Plaintiff's counsel has also deposed Correctional Officer Lopez, Sheriff's Deputy Yang, a civilian witness, one Miguel Villalobos, a different civilian witness, one Shirley Ennals, who did appear for her deposition, the second time it was set, two separate Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") deponents, and three of Defendants' retained, Federal Rule of Civil Procedure 26(a)(2) ("Rule 26(a)(2)") experts.

WHEREAS, Defense counsel has deposed the Plaintiff and two physicians that treated and/or examined Plaintiff for incident-related injuries, as well as all three of Plaintiff's retained Rule 26(a)(2) experts. The defense conducted a Federal Rule of Civil Procedure 35 physical examination of Plaintiff, on June 22, 2022, and a Rule 35 mental examination of Plaintiff, on February 24, 2023.

WHEREAS, Plaintiff conducted a Rule 30(b)(6) deposition concerning certain, key issues, on October 28, 2024; the County designated one witness, Lt. Plante, to testify about all topics identified in Plaintiff's Rule 30(b)(6) deposition notice for these subjects relating to certain procedures at the County of San Joaquin Jail; however, at the time of the deposition, it was revealed during Lt. Plante's testimony that the County's designee was not able to testify at all (and certainly was not the person most knowledgeable) on certain, key topics set forth in the Rule 30(b)(6) notice. Thus, during the deposition, while many of the topics were covered, it became apparent to counsel for Plaintiff and Defendants that a different designee would need to testify about certain, key topics. The topics that Lt. Plante could not address relate to an undated, written

STIPULATION TO EXTEND DATES IN PRETRIAL SCHEDULING ORDER; [PROPOSED] ORDER

policy/procedure that was produced by the County during discovery, which relates to certain issues in the case. The fact that Lt. Plante was not the person most knowledgeable on and was unable to address these topics was entirely inadvertent and not the result of any bad faith.

WHEREAS, on November 14, 2024, Plaintiff's counsel deposed Defendants' retained neuropsychologist, Dr. Friedman, for approximately 3.5 hours, but the deposition could not be completed that day, due to a prior commitment by Dr. Friedman; it will need to be completed in a subsequent session.

WHEREAS, under the current scheduling order, the discovery cutoff is November 15, 2024, ECF No. 49 at 6:8, and the Rule 26(a)(2) Expert Rebuttal Disclosure deadline is November 22, 2024. ECF No. 51 at 4:7.

WHEREAS, defense counsel and defense counsel's office, since the October 28, 2024, deposition of the County's Rule 30(b)(6) designee, Lt. Plante, have been working diligently to identify the designee that can address the topics that Lt. Plante was unable to address. On November 14, 2024, it was learned who the designee would be, and it was learned why the designee has been unavailable. The County's designee has been occupied with an audit of the County's jail that has been occurring. On November 15, 2024, counsel for the County agreed to produce the County's Rule 30(b)(6) designee for a deposition, on November 19, 2024 (the earliest and only date the designee was said to be available), to address the outstanding topics. The parties agreed in principle to set the deposition for that date, with the understanding that a modification of the current scheduling order would be sought.

WHEREAS, the outstanding deposition testimony of the County's Rule 30(b)(6) designee is indispensable to the completion of discovery in this complex case, and, regrettably and unavoidably, it makes it necessary to again extend the deadline for Expert Rebuttal Disclosures until a date sufficiently after this deposition, to allow adequate time for the preparation of the transcript, as well as review of that transcript by the experts that need to review and consider it for their reports.

WHEREAS, the parties participated in a mediation session with Russ Wunderli of JudicateWest – Sacramento, on December 7, 2023. The case did not resolve, but settlement discussions have continued, and are still active as of the submission of this stipulation.

WHEREAS, the mediator, Mr. Wunderli, has continued a dialogue with the parties, and the parties believe that the additional needed time will have the added benefit of affording additional time to continue settlement discussions before substantial expenses are incurred and attorney time is accrued on dispositive motion practice.

WHEREAS, in order to allow sufficient time for the indispensable Rule 30(b)(6) deposition to be completed (and for the transcript to be received), and in order to allow for the completion of the second session of Dr. Friedman's deposition, and in order to allow sufficient time for Rule 26(a)(2) rebuttal expert disclosures to be prepared and the parties' experts to thereafter be deposed, while also accommodating the need to schedule new dates around pre-existing trial obligations of the undersigned counsel, the parties are requesting that the Court extend the pre-trial scheduling by approximately 60 days.

WHEREAS, the parties, therefore, request the following adjustment to the pre-trial scheduling order:

| ACTIVITY | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Rule 26(a)(2) Expert Rebuttal Disclosure: | November 22, 2024 | January 14, 2025 |
| Discovery Cutoff | November 15, 2024 | January 21, 2025 |
| Last date for filing dispositive motions: | December 2, 2024 | January 31, 2025 |
| Pretrial Conference | April 21, 2025, at 1:30 p.m. | June 16, 2025, at 1:30 p.m. |
| Jury Trial | June 17, 2025, at 9:00 a.m. | August 19, 2025, at 9:00 a.m. |

IT IS SO STIPULATED AND AGREED.

Dated:  November 18, 2024                    Respectfully Submitted,

**LAW OFFICE OF SANJAY S. SCHMIDT**
**THE BOGAN LAW FIRM, PC**
**HELM LAW OFFICE, PC**

/s/ Sanjay S. Schmidt
By: Sanjay S. Schmidt
Attorneys for Plaintiff,
JACOB SERVIN

Dated:  November 18, 2024        Respectfully Submitted,

**MAYALL HURLEY, P.C.**

/s/ Mark E. Berry*
By: MARK E. BERRY
Attorneys for Defendants,
COUNTY OF SAN JOAQUIN, SHERIFF
PATRICK WITHROW, San Joaquin County
Sheriff's Office Custody Division Sergeant
RUBEN RODRIGUEZ, San Joaquin County
Sheriff's Office Custody Line Officers GARRETT
BERGREN, EMMANUEL FLORES, MARIO
RODRIGUEZ, MARK RODRIGUEZ, ZACHARY
THOMPSON, and KACEY FOSTER

*Pursuant to Local Rule 131(e), counsel has authorized submission of this document on counsel's behalf.

## ORDER

Having read and considered the parties' STIPULATION TO EXTEND DATES IN PRETRIAL DISCOVERY ORDER, ECF No. 47, GOOD CAUSE having been shown, the foregoing stipulation is HEREBY GRANTED, and the dates are reset as follows:

| ACTIVITY | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Rule 26(a)(2) Expert Rebuttal Disclosure: | November 22, 2024 | January 14, 2025 |
| Discovery Cutoff | November 15, 2024 | January 21, 2025 |
| Last date for filing dispositive motions: | December 2, 2024 | January 31, 2025 |
| Pretrial Conference | April 21, 2025, at 1:30 p.m. | June 16, 2025, at 1:30 p.m. |
| Jury Trial | June 17, 2025, at 9:00 a.m. | August 19, 2025, at 9:00 a.m. |

1    **IT IS SO ORDERED.**

2    Dated:  November 18, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28